UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL NORTH AMERICA INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VANESSA ZUNIGA, an individual; TIMOTHY ZUNIGA, an individual; and DOES 1 through 25, inclusive,<br><br>Defendant. | No.  2:21-cv-00092-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

By way of this action, Universal North America Insurance Company ("Plaintiff") moves to remand this action to the Superior Court of California, County of San Joaquin (ECF No. 6).[1]  For the following reasons, Plaintiff's Motion to Remand is GRANTED.

**BACKGROUND**

Plaintiff's insured, Sheyla Creel, owned a residence located at 87 West Alpine Avenue, Stockton, California, (the "Residence insured under a policy issued for the building (the "Insurance Policy").  In or around December 2015, Creel's representative

---

[1] Having concluded that oral argument would not be of material assistance, the Court submitted this matter on the briefs pursuant to E.D. Local Rule 230(g).

and/or agent, J&S Enterprises, entered into a month-to-month rental agreement with Defendants for the use of the Residence (the "Lease Agreement").

On or about May 31, 2018, a fire occurred at the Residence, causing substantial damage.  Defendants allegedly failed to take proper precautions to prevent a fire from starting, negligently caused the fire and related damages by leaving unattended candles burning, and otherwise failed to exercise reasonable care.  In addition, Plaintiff contends Defendants also owed a duty under the Lease Agreement to Ms. Creel to leave the rental in the same condition as when they took possession and to pay for repair costs necessitated by their lack of due care.

Because of Defendants' alleged negligence and breach of contract, the Residence sustained approximately $344,679.97 worth of damage from the fire.  Ms. Creel submitted the claim to Plaintiff who paid for the repairs and compensated her for damages.  Plaintiff now seeks to recover from Defendants those amounts paid.

**STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court HAS original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The

party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  If a complaint alleges only state-law claims and lacks a federal question on its face, then the federal court must grant the motion to remand.  See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392.  Nonetheless, there are rare exceptions when a well–pleaded state-law cause of action will be deemed to arise under federal law and support removal.  They are "(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law.  Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

## ANALYSIS

Defendants timely removed this action from the Superior Court of California,

County of San Joaquin on January 19, 2021.  Removal was solely based on diversity jurisdiction under 28 U.S.C. § 1332 and § 1441(b).  Plaintiff moves to remand this case to state court on the grounds that removal violates § 1441(b)(2), which holds that "a defendant may only remove an action on the basis of diversity of citizenship if there is complete diversity…and no defendant is a citizen of the forum state."  ECF No. 6 at 3 (citation omitted).  Plaintiff argues that removal to the Eastern District of California was improper because both Defendants are citizens of California – the forum state where the action was originally filed.  Id. at 3.

Defendants argue that removal was proper because they were improperly joined to the action under the under the doctrine of fraudulent joinder; thus, the Court may ignore the Defendants' citizenship when assessing diversity jurisdiction.  ECF No. 9 at 4-5; see also Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  According to Defendants, "there is no possibility that Plaintiff can prove a cause of action against the resident [Defendants]" because Plaintiff "cannot state any of its subrogation claims against [them]" given that they are purportedly co-insureds under the Insurance Policy.  Id. at 6-13.

A defendant's burden to establish fraudulent joinder is a "heavy" one.  Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009).  Joinder will be deemed fraudulent where the plaintiff fails to state cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state.  Amarant v. Home Depot U.S.A., No. 1:13-CV-00245-LJO-SK, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013) (citing Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  Merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder.  Diaz v. Allstate Ins. Grp., 185 F.R.D. 581, 586 (C.D. Cal. 1998).

"The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."  Id. (citing Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11,

1996); Hunter, 582 F.3d at 1044 (citing Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007) ("If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary")).

Here, as Plaintiff correctly argues in its Reply, the issue of whether it is entitled to the subrogation rights under the Insurance Policy is a question of material fact to be decided by the trier. Aetna Ins. Co. v. Craftwell of Idaho, Inc., 757 F.2d 1030, 1031-32 (9th Cir. 1985) (finding whether the parties to an oral lease decided who would provide insurance for the premises is an issue of material fact). California law holds that such the issue of subrogation is "generally resolved on a case-by-case basis, dependent on the parties' reasonable expectations in light of the particular lease terms." Fire Ins. Exch. v. Hammon, 83 Cal. App. 4th 313, 319-20 (2000).

As this case stands now, there is much dispute as to (1) whether Defendants are implied co-insureds to the Insurance Policy or not and, if not, (2) whether Plaintiffs has subrogation rights against Defendants. See generally ECF Nos. 9 and 10. Because of this uncertainty, it is not "abundantly obvious that [Plaintiff] could not possibly prevail" on its negligence and breach of contract claims. Morris v. Princess Cruises, Inc., 236 F.3d at 1068. Accordingly, this Court finds that the doctrine of fraudulent joinder does not apply, and Defendant's citizenship must be regarded when determining if the matter should be remanded.

It is certain, however, that Defendants are citizens of the State of California, the forum state in which this action was originally filed. See ECF No. 1 at 2, 5. Because "a civil action may not be removed if any of the parties…properly joined…is a citizen of the State in which such action is brought," § 1441(b)(2), removal to the Eastern District of California is improper. The Court must, therefore, remand this action to the state court. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).

Accordingly, Plaintiff's Motion to Remand is GRANTED.[2]

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand (ECF No. 6) is GRANTED. This case is remanded to the Superior Court of California, County of San Joaquin. The Clerk of the Court is hereby directed to transfer the case.

IT IS SO ORDERED.

Dated: September 28, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court also notes that in all of its years on the federal bench, it has never seen a fraudulent joinder argument put forth by all of the Defendants joined in the action. By definition, it makes no sense to believe that Plaintiff fraudulently joined all Defendants to avoid litigating in a federal forum. To that end, Defendants' Motion is more akin to a motion to dismiss for failure to state a claim, which of course this Court cannot entertain absent some basis for federal jurisdiction. In any event, it is clear to the Court that Defendants were not fraudulently joined for the reasons stated and because to conclude otherwise would essentially require the Court to conclude this action is frivolous as well, which it will not do.